CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
HOWARD SHNEIDER (Bar No. 309492)
(E-Mail: howard_shneider@fd.org)
IJEOMA U. EKE (Bar No. 331938)
(E-Mail: Ijeoma_eke@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-1456
Facsimile: (213) 894-0081

Attorneys for Defendant
MICHAEL JOLLY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL JOLLY,

Defendant.

Case No. CR 20-438-MCS

**BRIEF REGARDING ADMISSIBILITY OF POD CAMERA FOOTAGE**

Michael Jolly, through his counsel, files this brief to address the admissibility of the pod camera footage.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: December 7, 2021 By * /s/ Ijeoma U. Eke*

Ijeoma U. Eke
Howard Shneider
Deputy Federal Public Defenders
Attorneys for Michael Jolly

## MEMORANDUM OF POINTS AND AUTHORITIES

The government seeks to introduce pod camera footage (altered and unaltered) through Officer Stephen L. Best. First, the government sought to admit unaltered pod camera footage. The defense objected, citing Federal Rules of Evidence 901. Pursuant to Fed. R. Evid. 901(a), "the proponent must provide sufficient evidence to support a finding that the item is what the proponent claims it is." In this case, the government must establish that the unaltered pod footage is what the government claims it is—an accurate depiction of the Louis B parking lot on July 2, 2020. However, based on the testimony of Officer Best, the appropriate foundation cannot be established.

Officer Best testified that he was not present and is unaware of what occurred in the Louis B parking lot on July 2, 2020. Therefore, Officer Best does not have the sufficient knowledge to testify to the accuracy of the pod camera footage. Officer Best is also not a custodian of the pod cameras and testified that is not involved in the maintenance of the pod cameras and is unaware if and/or when the pod cameras underwent maintenance prior to July 2, 2020. He further testified that the timestamps were inaccurate and is unaware how long the timestamps have been inaccurate. The totality of the testimony elicited demonstrates that Officer Best is unable to satisfy Fed. R. Evidence 901(a).

In response to the defense's objection, the government cited to Fed. R. Evid. 803(6). This Rule was promulgated because "[t]he element of unusual reliability of business records is said variously to be supplied by systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, or by a duty to make an accurate record as part of a continuing job or occupation." Fed. R. Evid. 803 advisory committee notes. Based on Officer Best's testimony, it is clear that he is not involved in the systematic checking of pod cameras as he was unaware how long the timestamps have been inaccurate. Also, there has been no testimony elicited that Officer Best's downloading of pod cameras is for any other purpose other than litigation. "[A] document prepared for purposes of litigation is not a

business record because it is lacking in trustworthiness. This is because where the only function that the report serves is to assist in litigation or its preparation, many of the normal checks upon the accuracy of business records are not operative." *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir.1984) (internal quotation marks and citations omitted); *see also Sana v. Hawaiian Cruises, Ltd.*, 181 F.3d 1041, 1046 (9th Cir.1999) ("Courts are rightfully wary when parties create self-serving documents and seek to offer them as business records."). Finally, there has been no testimony that establishes that part of Officer's best job description is ensuring the accuracy and reliability of the pod cameras.

The Advisory Committee Notes for Fed. R. 803(6) requires that "[a]ll participants, including the observer or participant furnishing the information to be recorded, were acting routinely, under a duty of accuracy, with employer reliance on the result . . . [i]f, however, the supplier of the information does not act in the regular course, an essential link is broken; the assurance of accuracy does not extend to the information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail." Fed. R. Evid. 803 advisory committee notes. The testimony elicited by Officer Best does not support the conclusion that the pod cameras are maintained in the regular course of business. Officer Best testified that the pod cameras are managed by the city of Santa Maria. While the Santa Maria police department has access to the videos, he has not established that these pod cameras are maintained in *his* regular course of business. In fact, the evidence is to the contrary. The only evidence that Officer Best provided as to the pod cameras maintenance was that it is maintained by Security Lyons. While downloading pod camera footage may be part of Officer Best's regular course of business, the actual maintenance of the pod cameras and ensuring the accuracy of the pod cameras surely is not. Therefore, the unaltered pod cameras must be excluded.

Next, the government sought to introduce into evidence pod camera footage altered by Officer Best. The government concedes that the footage has been altered but

again relies on Fed. R. Evid. 803 in order to authenticate the footage. However, the government has failed to establish how video footage altered in preparation for litigation is a regularly conducted business record. In addition, the defense objects to the use of the altered footage as demonstrative evidence. Demonstrative evidence is an aid used to explain evidence already admitted into evidence. *Demonstrative Evidence*, Bouvier Law Dictionary (Desk Ed. 2012). The standard for admitting demonstrative evidence is the same as the admission of direct or indirect evidence. *Id*. In order for it to be admissible, the government must establish that it is a fair and accurate depiction of the original. *United States v. Walema*, 1999 U.S. App. LEXIS 22990 at* 4 (9th Cir. Sept. 16, 1999). However, by Officer's Best's own testimony, the altered footage is not a fair and accurate depiction of the original due to the alterations. Further, the demonstrative evidence must be excluded pursuant to Fed. R. Evid. 403. Fed. R. Evid. 403 provides that the Court must exclude evidence if the following applies: unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. "'Demonstrative evidence requires particularly careful judicial monitoring under [Rule] 611(a) because of its capacity to mislead and because of the potent, and often inalterable, image it leaves in jurors' minds.'" 5 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 9:22 (3d ed. 2010). If the Court permits the government to use the altered footage as a demonstrative, that will lead to grave confusion. The jury has already heard testimony that the altered footage is the same as the unaltered footage except that Officer Best made "enhancements" to the video. If the jury sees the altered footage, even with a limiting instruction that it is a demonstrative and is not evidence, the jury will have a hard time disregarding the altered footage. Therefore, the government must be precluded from admitting the altered pod camera footage and using it for demonstrative purposes.

For the above reasons, the unaltered and altered pod camera footage should be precluded from evidence and the government should not be permitted to use the altered pod camera footage as demonstrative evidence.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: December 7, 2021 By * /s/ Ijeoma U. Eke*

Ijeoma U. Eke
Howard Shneider
Deputy Federal Public Defenders
Attorneys for Michael Jolly